Law Library

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM, )   CRIMINAL CASE NO. CF150-10
 )
vs. )
 )
 )   **DECISION AND ORDER**
 )   **ON DEFENDANT'S MOTION TO**
TENISON ILEMELONG, )   **DISMISS**
 )
    Defendant. )
 )
 )
_____ )

This matter came before the HONORABLE VERNON P. PEREZ on November 15, 2011 on Defendant's Motion to Dismiss. Attorney Nicolas B. Barrett appeared on behalf of the Government. Attorney Raymond B. Ilagan represented Defendant, who was present. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with theft as a third degree felony. Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter *"Rasauo II"*).

## DISCUSSION

Defendant argues that this case be dismissed for violation of the rule put forth in *Rasauo II. See also* 8 GCA §60.10. The recent Supreme Court decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint. Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II,* the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay. Here, the Government alleges that their office was not negligent in dealing with the Defendant and did the most that it could do to expedite proceedings against Defendant. The Government believes that good cause delay exists where the courts are

at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60. On the other hand, Defendant argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II*. That is the crux of the issue before the Court now. Does good cause delay exist where the Prosecution immediately requests a summons be issued upon filing a formal complaint, yet the Court system does not get a defendant to arraignment until 60 days after the complaint was filed?

Defendant argues that Supreme Court, in *Rasauo II*, aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard. Defendant cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted. In *People v. Stephen*, the Court stated that prompt arraignment is "a statutory expression of the speedy trial right. 2009 Guam 8 ¶32. Defendant argues that in dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Prosecution created the delay, which is at minimum dismissal when no good cause is found. Defendant concludes by arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, that the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's first appearance within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay or negligence in prosecuting cases. In addition, the Government claims that it would be unreasonable to ask that the calendar for many courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the lower courts are required to adjust their calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II*.

The Court finds no relevant controlling precedent in case law to base its decision, but

finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) directly after that statement, which provides:

> the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2010).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II*. Here, there were more than 60 days from Complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown as determined above. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendant?

The Government filed a summons the same day that it filed the Complaint, March 5, 2010. The Court, through Deputy Clerk Evelyn Borja, dated the arraignment hearing to be March 24, 2010 at 10:00a.m.. Defendant did not show and it is not known whether or not Defendant was adequately notified of that hearing. In a perfect world, the Defendant would have been arraigned less than 19 days after the Complaint was filed as scheduled by the court clerk. Yet, Defendant did not appear and it is not clear whether or not Marshals put forth enough effort to locate Defendant which would create a good cause excuse for violation of the Prompt Arraignment Rule. It is abundantly clear, however, that if Defendant purposely delayed service or intentionally failed to appear after being notified of a hearing date, good cause would be found. It is also clear that if the Defendant did nothing to delay service, or had no notice of a hearing date, and the Marshalls put forth lackluster efforts to notify Defendant then good cause would not be found.

As the Supreme Court said only good cause would prevent dismissal, it becomes the Government's burden to show good cause once the 60 day window has expired. Yet, the Government cites to a number of attempts in which the Marshalls tried serving Defendant with

the summons and eventually a bench warrant. Once the April 19, 2010 bench warrant was issued, however, no attempts of service were logged until March 9, 2011 when Defendant was arrested on the bench warrant. Nearly a year passed in which zero efforts were logged as to attempts to locate Defendant, but the need and existence of a bench warrant is very telling in this matter. The Court must assume that a bench warrant was issued because locating the Defendant was difficult as at least two previous attempts at normal service failed to bring the Defendant to court. The Court must also assume that good cause exists for delay beyond the 60 days where a defendant cannot reasonably be located as many jurisdictions have found similarly. *See People v. Rock*, 403 N.Y.S. 2d 110 (N.Y.A.D. 1978); *Carrier v. State*, 815 So. 2d 1222, 1224-24 (Miss. App. 2001); *See also Henson v. State*, 832 S.W. 2d 269 (Ark. App. 1992); *See also State v. Vailencour*, 914 P.2d 767 (Wash. App. 1996).

After Defendant was served a copy of the bench warrant and arrested on March 9, 2011, he was not arraigned until April 13, 2011 which is more than 30 days after any good cause argument would cease to toll. While including the 18 days from Complaint to the arraignment hearing scheduled and the 35 days from Defendant's arrest via bench warrant to date of arraignment, there is only a total of 53 days expired[1]. The Court would find that 7 days were left on the clock if good cause is found to exist in the inability to properly serve and bring Defendant to Court. Yet, here there were numerous efforts to serve the Defendant a summons and eventually a bench warrant was issued for his arrest. The Court must find good cause to exist where every effort possible was made to contact Defendant, notify him of the arraignment hearing and get him to court. Absent other evidence the Court must presume that public officers have fulfilled their official duties. *U.S. v. Chemical Foundation*, 272 U.S. 1, 6 (1926); *See The Confiscation Cases*, 87 U.S. 92 (1873). Here, nothing suggests the Marshals were inadequate in their attempts to locate and serve Defendant and Defendant brought no evidence or made suggestions otherwise. Thus, there must be good cause found for the delay that went beyond the 53 days that expired as the Marshalls made attempts to serve Defendant and are presumed to have carried out

---

[1] 8 GCA § 1.25(a) discusses the method in which computation of time is done. The first day in which the event or time to be calculated begins is not included in the determination.

their duties. Good cause existed in the time frame from issuance of the bench warrant to service of that warrant. Defendant's Prompt Arraignment Right was not violated as less than 60 days expired where good cause was not found to excuse the delay. Thus, the Court could subject a criminal case to dismissal by scheduling arraignment outside the 60 day window, but that did not happen in the present case and all delay over 53 days was attributable to good cause.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. As to the desired information regarding what efforts were put forth by the Marshals to notify Defendant of his summons, the Court suggests that in the future the Government attempt to get a record of the efforts taken to notify Defendants not otherwise included in the Court's file. The Court believes that with the shear number of motions based on the *Rasauo II* decision, the Government may be interested in obtaining more detailed records of the efforts put forth by the Marshals in serving criminal process.

So **ORDERED** this 13th day of January, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

/ /

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 13 2012

Jerimie K. B. Duenas
Deputy Clerk Superior Court of Guam

/ /